# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VERA THOMPSON, DONNA BOWLEN and
FIRST FINANCIAL TRUST COMPANY, as
Personal Representatives of the ESTATE OF
BRENDA GONZALES,

        Plaintiffs,                                          Civil No. 01-1088 WJ/JG

BURLINGTON NORTHERN SANTA FE
RAILWAY CORPORATION, a Texas corporation,
JULIAN RUBIO, JARET T. WOOTTON,
LESTER CISNEROS, and JOHN DOES I -V,
in their individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## REMANDING CASE TO STATE COURT

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand, filed November 20, 2002 **(Doc. 76)**.  Plaintiffs' motion is based on the settlement of claims asserted under 42 U.S.C. § 1983 against all the Defendants.  Having reviewed the parties submissions and the applicable law, I find that Plaintiffs' motion is well-taken and will be granted.

Defendant BNSF offers several theories why the case should remain in federal court, but I find none of them persuasive.  It is clear that this Court had original jurisdiction over Plaintiffs' claims as of the time this case was removed to federal court on September 19, 2001.[1]  The complaint indicates that the § 1983 claims provided a basis for federal question jurisdiction, on

---

[1] Subject matter jurisdiction is determined by looking at the complaint on the date of removal. Poore v. American-Amicable Life Ins. Co of Texas, 218 F.3d 1287, 1290 (11th Cir. 2000)); O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1379 (9th Cir.1988) (emphasis added).

which Defendants also relied as the basis for removal.  See Notice of Removal, ¶ 3.[2]   Plaintiffs have settled with Defendant Lester Cisneros and John Does I-V on all claims, and an Order of Dismissal with Prejudice was entered on September 11, 2002. Pltffs' Ex. 1 (Doc. 63).  Plaintiffs subsequently settled as to the § 1983 claims asserted against the remaining Defendants BNSF, Julian Rubio and Jared T. Wootton. An Order of Dismissal as to these claims and Defendants was entered on November 18, 2002. Pltffs' Ex. 2 (Doc. 74).  With the dismissal of all of Plaintiffs' § 1983 claims, this Court's jurisdiction over the remaining state law claims of negligence and wrongful death would be purely discretionary under 28 U.S.C. § 1367.[3]

Contrary to Defendant's contention, the federal regulatory statutes related to the issues in this case do not support a federal basis for jurisdiction, since they were not alleged as (and more importantly, do not confer) a private right of action. Rather, they support Plaintiffs' state law negligence claims.  See Wander v. Kaus et al., 304 F.3d 856, 859 (9th Cir. 2002) (federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim; Patterson v. Travelers, Inc.,11 F.Supp.2d 1382, 1388 (S.D. Ga. 1997) (although state law is predicated on a federal statute, the cause of action remained a state law cause of action).  Defendant's construction of the claims in the complaint do not determine whether Plaintiff has alleged claims which provide a basis for federal jurisdiction.

---

[2]  The pretrial order also reflects that § 1983 is the sole basis for federal jurisdiction. Pretrial Order at 2.  Diversity was never raised or established as a basis for federal jurisdiction, nor does it exist at present, since at least one of the Defendants remains a New Mexico resident.

[3]  Under § 1367, the Court has supplemental jurisdiction of claims which are closely related to a party's federal claims.  However, the Court may decline to exercise supplemental jurisdiction over a claim "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced").

As for Defendant's accusation of forum manipulation, there is simply no basis for this argument. Plaintiffs motion is consistent with their initial filing of this action in state court. Caterpillar v. Williams, 482 U.S. 386, 392 (1987) (acknowledging the rule that plaintiff is "the master of the claim).  Further, because a settlement agreement was reached involving the actions of both parties, Defendant's contention appears somewhat disingenuous.  Nor is the motion untimely.  The thirty-day time limit for filing motions for remand following removal which is referred to in 28 U.S.C. § 1447(c) (and cited by Defendant) applies to any defect "*other than* lack of subject matter jurisdiction." § 1447(c) (emphasis added); Torres v CBS News, 854 F.Supp. 245, 247 (S.D.N.Y. 1994). In this instance, remand is based on this Court's lack of subject matter jurisdiction, thus eliminating any time requirement.  O'Conner v. Hilton Hawaiian Village, 763 F.Supp. 1544, 1546 (D.Hawaii 1990)(remand could occur for lack of subject matter jurisdiction any time before final judgment).  Although Plaintiffs' motion for remand was filed more than fourteen months following Defendant's removal, Plaintiffs had no basis for remand until two days prior to the day the motion was filed, when § 1983 claims against the remaining Defendants were dismissed.  A period of two days can hardly be said to constitute delay by Plaintiffs, particularly in light of the fact that settlement negotiations involve decisions on the part of both sides.

Defendants argue that they would be prejudiced, and that declining jurisdiction over the state law claims would be a waste of judicial resources, should the Court grant Plaintiffs' motion. I disagree.  There is no reason why any of the discovery obtained while this case was pending in federal court could not be used for litigation of the remaining claims in state court.  Also,

although the Court has already expended some of its resources on disputed issues in this case, a trial on the merits -- along with corresponding pretrial matters and disputes which are raised immediately prior to trial -- will consume still more of these resources should this case remain in this forum.

Because the jurisdiction of federal courts is limited, there is a presumption against federal jurisdiction. Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir.1991). Mindful of this presumption, I decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' remaining state law claims, and conclude that this action should be remanded to the Second Judicial District Court. Finally, given the disposition of this case, Defendant's pending Motion in Limine (Doc. 72) and Motion for Summary Judgment (Doc. 70) are denied as moot.

**THEREFORE**,

**IT IS ORDERED** that Plaintiffs' Motion to Remand **(Doc. 76)** is hereby GRANTED in that this action is remanded to the Second Judicial District Court, in the County of Bernalillo;

**IT IS FURTHER ORDERED** that Defendant's pending Motion in Limine **(Doc. 72)** and Motion for Summary Judgment **(Doc. 70)** are DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE